United States District Court
Southern District of Texas
**ENTERED**
August 23, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL ACTION NO. H-09-534-4 |
| | § | |
| EDUARDO LOPEZ-VARGAS | § | |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is defendant's *pro se* motion for a compassionate release under 18 U.S.C. § 3582(c)(1)(A). (Docket Entry No. 394.) The Government filed a response in opposition (Docket Entry No. 399), to which defendant filed a reply (Docket Entry No. 403). The motion is ripe for disposition.

Having considered the motion, the response, the reply, the record, and the applicable law, the Court **DENIES** the motion for a compassionate release for the reasons shown below.

## I. BACKGROUND

Defendant pleaded guilty to one count of conspiracy to commit hostage taking and was sentenced to a 150-month term of imprisonment on September 26, 2011. Defendant's appeal of the conviction was dismissed as frivolous on January 21, 2013. *See United States v. Lopez-Vargas*, No. 11-20699 (5th Cir. Jan. 21, 2013).

In the instant motion, defendant contends he is entitled to a compassionate release because the Bureau of Prisons ("BOP") miscalculated his sentence and failed to include sentencing credit for his state incarceration. According to defendant, this improper execution

of his sentence qualifies as an extraordinary and compelling reason for his immediate release from prison.

## II. ANALYSIS

A.   Legal Standards

As a general rule, a federal court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). One exception to that rule is found in 18 U.S.C. § 3582(c)(1)(A), informally known as the compassionate release statute. To qualify for a compassionate release, a prisoner must show that: (1) "extraordinary and compelling reasons" justify a sentence reduction; (2) the reduction is "consistent with applicable policy statements issued by the Sentencing Commission"; and (3) early release is consistent with the sentencing factors in 18 U.S.C. § 3553(a). 18 U.S.C. 3582(c)(1)(A); *United States v. Jackson*, 27 F.4th 1088, 1089 (5th Cir. 2022). When a prisoner files a compassionate release motion with the district court, the Sentencing Commission's current policy statement is not binding on the court. *United States v. Shkambi*, 993 F.3d 388, 392–93 (5th Cir. 2021).

The first prong requires a prisoner to show that he "faces some extraordinarily severe exigency, not foreseeable at the time of sentencing, and unique to the life of the prisoner that leads irresistibly to the conclusion that this prisoner has a singular and remarkable need for early release." *United States v. McMaryion*, 2023 WL 4118015, at *1 (5th Cir. June 22, 2023) (cleaned up). The defendant bears the burden of showing that his circumstances meet the test for compassionate release. *United States v. Hudec*, 2020 WL 4925675, at *3 (S.D.

Tex. Aug. 19, 2020); *United States v. Stowe*, 2019 WL 4673725, at *2 (S.D. Tex. Sept. 25, 2019). However, as recently held by the United States Court of Appeals for the Fifth Circuit, a prisoner cannot challenge the validity or the duration of his sentence through a motion for compassionate release. *United States v. Escajeda*, 58 F.4th 184, 187 (5th Cir. 2023).

If the district court finds that extraordinary and compelling reasons warrant a sentence reduction, "then the court may reduce the defendant's sentence after considering the factors set forth in section 3553(a) to the extent that they are applicable." *Ward v. United States*, 11 F.4th 354, 359–60 (5th Cir. 2021) (cleaned up) (quoting 18 U.S.C. § 3582(c)(1)(A)).

The decision whether to grant relief is within the district court's discretion. *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir 2020). If a prisoner's compassionate release motion is denied, the district court must explain its reasons for denying relief. *Id.*; *United States v. Guzman*, 2022 WL 17538880, at *1 (5th Cir. Dec. 8, 2022). *See also McMaryion*, 2023 WL 4118015, at *2.

The statutory provision requires a defendant to fully exhaust BOP administrative remedies prior to seeking a compassionate release in federal court. 18 U.S.C. § 3582(c)(1)(A). The Government in this instance does not dispute that defendant exhausted his administrative remedies prior to bringing his motion, and has not raised as a defense failure to exhaust.

B.  Extraordinary and Compelling Reasons

Defendant claims "that he is entitled to credit towards his federal sentence for time spent in state custody in accordance with *Barden v. Keohane*, 921 F.2d 476 (3rd Cir. [1990])." He further claims that the BOP's improper execution of his sentence constitutes an extraordinary and compelling reason for his immediate release under the compassionate release statute.

As correctly stated by the Government, defendant's argument is foreclosed by Fifth Circuit Court of Appeals precedent. In *United States v. Escajeda*, 58 F.4th 184 (5th Cir. 2023), the Fifth Circuit held that "a prisoner cannot use § 3582(c) to challenge the legality or the duration of his sentence; such arguments can, and hence *must*, be raised under Chapter 153."[1] *Id.* at 187 (emphasis in original). Specifically, a prisoner challenging the execution of his federal sentence must proceed under 28 U.S.C. § 2241. However, defendant's section 2241 habeas petition was denied. *Lopez-Vargas v. Antonelli*, C.A. No. 17-3478 (D.S.C.), *aff'd*, *Lopez-Vargas v. Antonelli*, No. 19-6422 (4th Cir. 2019).

Defendant may not use section 3582(c) to challenge the execution of his sentence or seek credit for state custody. His motion fails to demonstrate extraordinary and compelling reasons for his immediate release and warrants no relief.

---

[1] In Chapter 153 of Title 28, Congress provided specific avenues for post-conviction relief that permit prisoners to challenge the legality of their confinement in federal court, such as 28 U.S.C. §§ 2241, 2244, 2254, 2255.

4

C.   Sentencing Considerations

Because defendant does not meet the standards for showing extraordinary and compelling reasons for a compassionate release, the Court will not address his arguments that he is entitled to favorable reconsideration of his sentencing factors under section 3553(a) and *Concepcion v. United States*, ___ U.S. ___, 142 S. Ct. 2389, 2405 (2022). *See United States v. Jackson*, 27 F.4th 1088, 1093 n.8 (5th Cir. 2022); *United States v. Thompson*, 984 F.3d 431, 433–35 (5th Cir. 2021).

To the extent defendant claims entitlement to sentencing credits under new amendments to the Sentencing Guidelines, the amendments are not slated to become effective until November 1, 2023.[2] Even so, the amendments will become effective only if Congress does not override or modify them before that date.[3] Again, defendant would not be able to seek consideration of the amendments through section 3582(c) without first establishing extraordinary and compelling reasons for the granting of a compassionate release.

---

[2]Fed. Reg. Notice at 28,254 ("The Commission has specified an effective date of November 1, 2023, for the amendments set forth in this notice.").

[3]Fed. Reg. Notice at 28,254 ("Absent action of the Congress to the contrary, submitted amendments become effective by operation of law on the date specified by the Commission (generally November 1 of the year in which the amendments are submitted to Congress).")

## III. CONCLUSION

Defendant's motion for a compassionate release (Docket Entry No. 394) is **DENIED WITH PREJUDICE**.

Defendant's motion to seal the section 3582(c) pleadings (Docket Entry No. 402) is **DENIED FOR LACK OF MERIT**.

Signed at Houston, Texas, on this the 23rd day of August, 2023.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE