United States District Court
Southern District of Texas
**ENTERED**
May 10, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL ACTION NO. H-09-534-04 |
| | § | |
| EDUARDO LOPEZ-VARGAS | § | |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is defendant's *pro se* motion for a compassionate release under 18 U.S.C. § 3582(c)(1)(A) (Docket Entry No. 419).

Having considered the motion, the record, and the applicable law, the Court **DENIES** the motion for the reasons shown below.

## I. BACKGROUND AND CLAIMS

Defendant pleaded guilty to conspiracy to commit hostage taking and was sentenced to a 150-month term of imprisonment on September 26, 2011. Defendant's appeal of the conviction was dismissed as frivolous. *See United States v. Lopez-Vargas*, No. 11-20699 (5th Cir. Jan. 21, 2013).

Defendant argues in his pending motion that he is entitled to a compassionate release based on the 2023 amendments to United States Sentencing Guidelines §1B1.13(b)(3)(C) (family circumstances) and §1B1.13(b)(6) (unusually long sentence).

Online public records for the Bureau of Prisons show that defendant's current anticipated date of release is October 29, 2026.

## II. FAMILY CIRCUMSTANCES

Under the 2023 amendments to United States Sentencing Guidelines § 1B1.13 "Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A)," extraordinary and compelling reasons for a compassionate release exist where the defendant prisoner presents as circumstances "[t]he incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent." U.S.S.G. §1B1.13(b)(3)(C). Thus, for purposes of the instant motion, defendant must establish that his mother is incapacitated and that he is her only available caregiver. Defendant fails to meet his burden of proof as to either of these requirements.

First, defendant provides insufficient medical evidence that his mother, Maria Luisa Vargas Perez, is incapacitated. Defendant submitted copies of certain medical documents for Ms. Perez, written in Spanish without translations. The Court recites the following information provided by defendant in his motion as to the documents:

1. In a Clinical Summary of Medical Diagnosis and Treatment dated February 15, 2024, Dr. Gonzalez states that Ms. Perez is 71 years of age and has diabetes, "insufficiency vein," bone fracture of lumbar, and hypertension.

2. In Medical Evaluation Internal Notes dated June 30, 2021, Dr. Guadalupe certifies that Ms. Perez had a bone fracture to L1.

(Docket Entry No. 419, p. 4.)

Although defendant claims in his motion that his mother has "medical terminal conditions" (Docket Entry No. 419, p. 3), he provides no evidence supporting such a claim. To the contrary, his motion indicates that his mother is elderly, was diagnosed with diabetes,

2

hypertension, and venous insufficiency of some nature, and that she fractured a lumbar vertebra in 2021. Defendant does not disclose the current status of his mother's 2021 lumbar fracture or whether it continues to impinge on her daily activities. The evidence presented by defendant shows that his mother has certain medical conditions, but it falls short of establishing her incapacitation.

Second, and even assuming the medical evidence were to evince incapacitation, defendant fails to demonstrate that he is the only available caregiver for his mother. To the contrary, the evidence submitted by defendant shows that his sister and daughter live close to his mother in Mexico and have been taking care of her. The sister and daughter's letters are written in Spanish and no translations were provided by defendant; however, he summarizes the letters as follows:

1. In a letter dated January 23, 2024, defendant's sister, Maria Azusena Lopez Vargas, requests a "compassionate release for my brother Eduardo Lopez-Vargas who has been in prison for about 15 years and we all need him to help us take care [of] our mother whose medical conditions are demanding [a] lot of time and resources. I have a family [of] my own, husband and four children. Our mother has a serious bone fracture and her heart just works 22% of her [sic] capacity. Everything is very expensive especially medicine, treatment, and living conditions to take care of our mother."

2. In a letter dated January 26, 2024, defendant's daughter, Luisa Fernandez Lopez, writes, "I am asking you with all due respect that [you] consider my request for compassionate release of my father Lopez Vargas who is already 15 years incarcerated and because I need him to take care [of] my grandma. I do have a family too, husband and children. I have not seen my father since I was 11 years old. Ultimately my grandmother['s] medical conditions [have] worsened with kidney failure, diabetes, bone fractured . . . Even her heart that works only 22% that expensive medicine and treatment can not [sic] by me and

all my family . . . I am asking you to be compassionate under all these circumstances and thank you very much."[1]

(Docket Entry No. 123, pp. 4–5.) Defendant also submits an untranslated letter written by a neighbor and family friend, Maria del Socorro Rivera, dated January 24, 2024. Defendant states that, in her letter, Ms. Rivera writes, "I see the need they have to take care [of] their mother . . . They are a very humble family . . . and granting compassionate release for Lopez-Vargas will help them greatly." *Id.*, p. 5.

The Court sympathizes with defendant's sister and daughter's desire to have defendant home so that he may help contribute to his mother's care and expenses. However, these letters clearly refute defendant's claim of being his mother's only available caregiver.

Defendant does not meet his burden of proof under section 1B1.13(b)(3)(C), and no extraordinary and compelling reasons for a compassionate release are shown.

### III. UNUSUALLY LONG SENTENCE

Under United States Sentencing Guideline §1B1.13(b)(6),

> If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

---

[1] In his earlier summarization of the two medical documents, defendant did not state that the physicians diagnosed his mother with kidney failure or a 22% cardiac ejection fraction. (Docket Entry No. 419, p. 4.) If defendant's mother were to have these two conditions, they would likely establish her incapacitation for purposes of section 1B1.13(b)(3)(C).

Thus, an unusually long sentence presents an extraordinary and compelling reason for a compassionate release only when (1) the defendant's individualized circumstances support it; (2) the defendant has served at least ten years imprisonment under the current sentence; and (3) there is likely a gross disparity between the sentence imposed and the sentence under the current amended law. Further narrowing the scope, non-retroactive amendments to the Sentencing Guidelines do not establish extraordinary and compelling reasons by themselves; only non-retroactive changes in law by Congress will suffice as grounds for relief.

Defendant claims that his 150-month (12.5-year) sentence meets these requirements, entitling him to immediate release from imprisonment. The Court disagrees. Although defendant devotes ten pages of his motion to covering the history, intent, and language of the sentencing guideline amendment, he wholly fails to address any aspect of its application to his particular sentence and circumstances beyond his having served at least ten years of his sentence. Defendant does not establish that his was an unusually long sentence, nor does he show any change in the law that would cause a gross disparity between his current sentence and a likely sentence under the changed law, much less address the "individualized circumstances" component of section 1B1.13(b)(6).

Defendant does not meet his burden of proof under section 1B1.13(b)(6), and no extraordinary and compelling reasons for a compassionate release are shown.

## IV. CONCLUSION

For the reasons stated above, defendant's motion for a compassionate release (Docket Entry No. 419) is **DENIED**.

Signed at Houston, Texas, on this ___10th___ day of May, 2024.

                                        KEITH P. ELLISON
                                        UNITED STATES DISTRICT JUDGE